Schmidt vs. Menasha Wooden Ware Co. and another.

SCHMIDT, Administratrix, Appellant, vs. MENASHA WOODEN WARE COMPANY and another, Respondents.

*February 19 — March 10, 1896.*

*Practice: Discovery to enable plaintiff to plead.*

In an action for the death of plaintiff's intestate, who lost his life while in defendants' employ under circumstances not presumptively within plaintiff's knowledge and in respect to which it appears she is actually ignorant, though she states on information and belief that it was through defendants' negligence, it was error to deny to her a proposed examination of the defendants under sec. 4096, S. & B. Ann. Stats., for the purpose of enabling her to plead, on the ground that, with the knowledge shown by her affidavit for the examination, a complaint might be framed which would suffice, though general in its terms.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

This action was brought by the plaintiff, as administratrix of the estate of her deceased husband, Christ Schmidt, to recover damages against the defendants for causing his death by their negligence while he was in the employ of the defendant company of which the defendant *Noble* was superintendent. The plaintiff sought to examine the said *Noble*

and the officers of the *Wooden Ware Company* under sec. 4096, S. & B. Ann. Stats., to enable her to plead, and had served notice and summons on the said *Noble* and such officers. The affidavit for the examination stated, in substance, the service of the summons and that the plaintiff's husband was killed July 1, 1894, while in the employ of the *Wooden Ware Company*, through the negligence of the defendants, as she was informed and believed; that discovery was sought to enable the plaintiff to plead; that the defendant *Noble* was, at the time, the superintendent of the company, and had general charge and supervision of the factory in which her husband was employed; that she could not state the particular facts and circumstances of the negligence of the defendants which caused his death; that he was employed as a fireman in the factory of the defendant company, and was working near a tank or hot-water well, which was used by the company to warm water pumped therein, and to receive the drippings or condensed steam through pipes from other parts of the factory, and transmit the water, when heated, to the boilers in other parts of the factory; that a wooden plug or piece of plank in the end of the tank or hot-water well, as she was informed and believed, blew out, and the steam and hot water escaping therefrom scalded the said Schmidt, causing his death; and that she had no special information as to the facts and circumstances of the explosion, or in reference to the negligence of the defendants, whether they were both guilty of such negligence or only the *Menasha Wooden Ware Company*, but from information she charged that they were both guilty of negligence which caused his death. The affidavit specified twenty points upon which discovery was sought, relating in detail to the manner of construction and method of using said tank or hot-water well, the machinery and apparatus connected with it, and the management and control of the same, and particularly as to the cause of the plug coming out and allow-

Schmidt vs. Menasha Wooden Ware Co. and another.

ing the steam and hot water to scald and cause the death of the plaintiff's husband, and all facts and circumstances affecting the matter of the liability of the defendants.

The defendants moved upon the papers and said affidavit for an order limiting the examination to certain specified subjects. At the hearing the court made an order wholly denying the plaintiff the right to make the proposed examination, and striking out the notice, affidavit, and subpœna, with $10 costs, from which the plaintiff appealed.

*J. C. Kerwin*, for the appellant, cited, besides the cases referred to in the opinion, *State v. Baetz*, 86 Wis. 29.

For the respondents there was a brief by *Felker, Stewart & Felker*, and oral argument by *F. C. Stewart*.

PINNEY, J. The statute (sec. 4096, S. & B. Ann. Stats.) secured, as therein provided, to the plaintiff, the right to make the proposed examination as to any matter relevant to the controversy indicated in her affidavit, and she was entitled to have it any time after the commencement of the action and before judgment. The affidavit required by the statute for the examination before issue joined is to limit the scope of the inquiry to facts relevant to the points stated in it, and to enable the court or judge, in his discretion, to still further limit the subjects to which the examination shall extend. Here the court absolutely and unconditionally denied the proposed examination, upon the ground, as we understand, that it was not necessary to enable the plaintiff to frame her complaint, and that with the knowledge of the matters stated in the affidavit her attorney might frame one that would suffice, though general in its terms.

The statute is a remedial and highly beneficial one, and has very properly been liberally construed. *Kelly v. C. & N. W. R. Co.* 60 Wis. 480; *Cleveland v. Burnham*, 60 Wis. 21; *Nichols v. McGeoch*, 78 Wis. 360; *Whereatt v. Ellis*, 65 Wis. 643; *Frawley v. Cosgrove*, 83 Wis. 443. If the plaintiff

does not know the facts in detail, so as to enable her attorney to frame a complaint adapted to the real nature of the case, she may have an examination as to the facts bearing upon the question of the defendants' negligence or other material points such as will enable him to frame a complaint suited to the case, and upon which she can safely proceed to trial. It is no answer to the application to say that upon the facts already known a complaint may be framed which may or may not present the real merits of her case. She has a right to ascertain by such examination whether the imputation of negligence is well founded, and, if so, the particular circumstances and details of it. As was well said in *Richards v. Allis*, 82 Wis. 513: " If a party does not know whether another owes him or has collected any money belonging to him, and therefore cannot make such an averment in a complaint, he may bring his action by the service of a summons, and then proceed to examine the opposite party under sec. 4096, R. S., and obtain such discovery thereof as will enable him to plead." It may be that upon examination of the defendants the plaintiff will find that there is no ground for charging the defendants with fault, and expensive litigation may thus be avoided. The proceeding is one calculated to further the ends of justice and lessen the expense and remove embarrassments in the way of a *bona fide* prosecution of legal rights; and it ought not to be unduly hampered or restricted.

It appears that the deceased was an employee of the defendant company, working under its superintendent, *Noble*. He was entitled to be furnished with a suitable and safe place in which to work. He lost his life in such service, and under circumstances not presumptively within the plaintiff's knowledge, and in respect to which it appears she is actually ignorant. It is eminently just that she should be allowed the means of ascertaining whether any breach of duty or negligence on the part of the defendants, or either of them, was

the cause of his death, and, if so, in what it consisted, and all material facts having any proper relation thereto. While the court, in the exercise of its discretion, might properly limit the subjects of inquiry, it ought not to have absolutely denied the plaintiff the proposed examination.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.