GRATZ, Respondent, vs. PARKER, imp., Appellant.

*November 10—November 27, 1908.*

*Judgments: Involuntary nonsuit: Res* adjudicata: *Discovery: Examination of adverse party for purposes of pleading: Affidavit: Requisites.*

1. A·judgment rendered in a former action as the result of a motion for a nonsuit, made by the defendant at the close of plaintiff's testimony and before the defendant rested her case or offered any evidence, and rendered because plaintiff was found guilty of contributory negligence, is not a judgment of dismissal on the merits, but a judgment of involuntary nonsuit, and is not a bar to another action brought upon the same grounds.

2. Where a plaintiff proceeds to examine the defendant under sec. 4096, Stats. (1898), for the purpose of framing a complaint, it is not required that plaintiff should set out in the required affidavit facts sufficient to constitute a cause of action.

3. In such case it is not even necessary that the plaintiff should know that a cause of action exists, and the examination may be had even though the affidavit shows affirmatively that the plaintiff does not know.

4. In such case, while it may be customary to state in the affidavit that the facts upon which discovery is sought are not within the knowledge of the plaintiff, such statement is not essential, and its omission does not render the affidavit defective.

APPEAL from an order of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an appeal from an order requiring the defendant *Adeline Parker* to submit to an examination as an adverse party under the provisions of sec. 4096, Stats. (1898), in ·order to enable the plaintiff to frame her complaint. The .affidavit setting forth the points upon which discovery was sought recited, among other things, that the action was brought by the plaintiff to recover. of the defendants, and each of them, the value of certain goods, wares, and merchandise which were stored by the plaintiff in the house occupied by the defendants, and which were during the month

of June or July, 1906, removed from the boxes, trunks, etc., in which said goods were packed, and also to recover the value of certain goods contained in a satchel left by the plaintiff in the room occupied by her in the house occupied by the defendants, which goods were removed from said satchel on or about July 1, 1906, and that discovery was sought under said sec. 4096 to enable the plaintiff to plead.   Then followed a statement of the points upon which the plaintiff sought to examine the defendant *Adeline Parker*.   The appellant procured an order to show cause why the plaintiff should not be restrained from examining her, and also requiring the plaintiff to show cause why, if such examination were permitted, its scope should not be limited.   Upon the hearing of said order to show cause the order appealed from. was entered, such order requiring the appellant to submit to an examination, but materially limiting the scope of such examination.

The cause was submitted for the appellant on the briefs of *V. H. Tichenor,* and for the respondent on that of *Holt & Coombs.*

BARNES, J.   The appellant insists that the order appealed from is erroneous (1) because a former judgment, rendered in an action brought by the same plaintiff against the defendant *Adeline Parker* upon the same cause of action, is *res adjudicata* as to the rights of the parties, and no examination should be permitted; (2) because the affidavit upon which the order for examination was based fails to state facts sufficient to constitute a cause of action; and (3) because the affidavit fails to allege that the facts upon which the testimony of the defendant is sought are not within the personal knowledge of the plaintiff.

1. The judgment rendered in the former action was entered as the result of a motion for a nonsuit, made by the defendant at the close of the plaintiff's testimony and before

the defendant rested her case or offered any evidence. It was rendered because the trial court was of the opinion that, upon the showing made by the plaintiff, she was guilty of contributory negligence. This was not a judgment of dismissal on the merits, but a judgment of involuntary nonsuit. Such a judgment is not a bar to another action brought upon the same grounds. The decided cases in this court are clear and uniform in so holding. *Gummer v. Omro,* 50 Wis. 247, 6 N. W. 885; *Morgan v. C., M. & St. P. R. Co.* 83 Wis. 348, 351, 53 N. W. 741; *Gates v. Parmly,* 93 Wis. 294, 66 N. W. 253, 67 N. W. 739; *Kaley v. Van Ostrand,* 134 Wis. 443, 114 N. W. 817. The first case cited is exactly similar to the one under consideration. The form of the judgment appears to have been alike in the two cases, and in each a jury was waived and a trial was had by the court.

2. Sec. 4096, Stats. (1898), provides that the affidavit shall state the general nature and object of the action only. It does not require that facts sufficient to constitute a cause of action shall be set forth therein. It would be just as easy to set forth such facts in the form of a pleading as in the form of an affidavit. If the plaintiff had the necessary facts at hand, so that she could set forth a cause of action in her affidavit, then, under the provisions of the statute referred to, she was not entitled to examine the defendant at all before issue was joined. The very purpose of the examination was to secure information to enable the plaintiff to draft her complaint. It is not even necessary that the plaintiff should know that a cause of action exists. The examination may be had even though the affidavit shows affirmatively that plaintiff does not know. *Richards v. Allis,* 82 Wis. 509, 513, 52 N. W. 593; *Schmidt v. Menasha W. W. Co.* 92 Wis. 529, 532, 66 N. W. 695. The cases of *Schultz v. Strauss,* 127 Wis. 325, 106 N. W. 1066; *Madison v. Madison G. & E. Co.* 129 Wis. 249, 260, 108 N. W. 65; and *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900, cited and

relied upon by appellant, simply hold that, where the affidavit affirmatively shows that no cause of action does or can exist, an examination will not be permitted. The affidavit here certainly does not negative the existence of a cause of action.

3. While it is customary to state, in an affidavit such as the one under consideration, that the facts upon which discovery is sought are not within the knowledge of the plaintiff, still that statute does not require such an averment to be made. The affidavit follows the language of the statute, and this court would not be justified in reading a requirement into it that the legislature has not seen fit to incorporate therein.

*By the Court.*—The order of the circuit court is affirmed.