Heckendorn, Appellant, vs. Romadka, imp., Respondent..

*February 18—March 9, 1909.*

*Discovery: Examination to enable plaintiff to plead: Sufficiency of* *affidavit: Cause of action: Corporations: Fraud inducing sub-* *scription to stock: Acts of officers: Liability, joint and several:* *Parties: Election of remedies: Trusts and trustees.*

1. Under sec. 4096, Stats. (Supp. 1906), authorizing examination of an adverse party to enable plaintiff to frame his complaint upon an affidavit stating "the general nature and object of the action," etc., the affidavit need not state facts constituting a cause of action, but is sufficient if the facts stated show that. plaintiff may be entitled to recover.

2. An affidavit stating that plaintiff subscribed and paid cash to the defendant corporation for certain shares of its stock; that defendant R. was an officer of the company and owned a controlling interest therein; that he and the officers and representatives of the company managed its affairs, and as such fraudulently misrepresented its financial condition and the value and productiveness of its property, and thereby induced plaintiff to subscribe for and purchase said shares; and that R. finally, through fraud, secured title and possession of all the company's property and assets,—is *held* to show that plaintiff has a cause of action against the defendants for fraud committed by them jointly.

3. Plaintiff, in such case, need not pursue the joint wrongdoers separately or seek relief against those only into whose hands he can trace the funds. The benefit secured by any one of the participants is deemed a benefit to all, and each is individually liable for the whole injury.

4. Plaintiff has in such a case the right to pursue any one of several courses to remedy the wrong; and a statement in his affidavit under sec. 4096, Stats. (Supp. 1906), that the general nature and object of the action is for a rescission of the subscription contract and for the recovery of the money paid, does not constitute an election of remedy so as to limit him in the framing of the complaint after he has learned the details of the transactions through the proposed examination.

5. The statement in plaintiff's affidavit that the defendant R., as stockholder and director, and through his sons, who were also directors, controlled the corporate property and affairs and so manipulated them as to secure possession of all the property and assets of the company, justifies a claim that he as well as the company may be found to have received plaintiff's property through their joint wrong and may therefore be chargeable as a trustee for the plaintiff.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

This is an action for the rescission and cancellation of the subscription for and the purchase of certain shares of stock in the defendant corporation (El Globo Mining and Milling Company) issued November 30, 1906, and for the recovery of the money paid therefor, with interest, on the ground that the subscription and purchase of the stock were induced by the false and fraudulent representations of the defendants. The

discovery of facts alleged to be within the knowledge of the secretary of the defendant company and the defendant *Romadka* is sought in order to enable the plaintiff to frame his complaint. Discovery is sought as to the ownership, title, time when acquired and from whom, and the consideration for the El Globo mine; as to the organization, when, where, and how, of the defendant company; the facts regarding the issuance of stock, the subscriptions to and ownership of the stock, the officers elected, their acts and their management of the affairs of the defendant company; the amount of money expended by the company, when, where, how, and by what authority; like facts as to the El Globo Mining and Milling Company of Mexico; as to the authority under which a certain circular to induce subscriptions was issued by the agents of the defendants; as to the reports made to the defendant company by Charles A. Romadka, president of the company and son of the defendant *Romadka;* and as to the report made by the directors to the stockholders; and as to the financial transactions between the defendants and by them or either of them with the El Globo Mining and Milling Company of Mexico. Discovery is also sought as to the development and work done on the El Globo mine and as to the amount of money expended by the defendant *Romadka* and his sons upon this mine prior to the incorporation of the defendant company; as to the production of ore and the shipments from the mine from August 25, 1902, to January 1, 1905, and the smelter returns therefrom; and as to the statements made or authorized to be made by the defendant *Romadka* to the plaintiff and other stockholders in relation to the defendant company prior to the time when plaintiff subscribed for and purchased his stock.

The defendant *Romadka* made an affidavit that he had never, directly or indirectly, made or caused to be made to the plaintiff or any other person any false or fraudulent representation, and that he was not, and for a long time prior to

the commencement of this action had not been, an officer of the defendant corporation. He made this affidavit for the purpose of obtaining an order from the court requiring the plaintiff to show cause why the order requiring the defendant *Romadka* to submit to an examination under sec. 4096, Stats. (Supp. 1906), should not be vacated, or, if the court should not grant an order absolutely prohibiting the examination, why defendant's examination should not be limited strictly to the matters which would enable plaintiff to obtain information from the defendant *Romadka* which would tend to establish his personal liability.

The court issued an order for the plaintiff to show cause why the proceedings requiring the defendant *Romadka* to submit to an examination should not be vacated or limited. At the hearing on this order to show cause plaintiff submitted a supplementary affidavit stating that plaintiff was informed and believed that the defendant *Romadka* had been in direct or indirect control of the affairs of the defendant company through his ownership or control of a majority of the stock of the defendant company; that a large portion of the money derived from the sale of the balance of the stock had been wasted, misappropriated, and misapplied by the board of directors of the defendant company under the control and direction of the defendant *Romadka;* that this defendant, through the assignee of a fraudulent claim in favor of the defendant *Romadka,* had fraudulently procured a judicial sale of the property of the defendant company; and that this assignee was holding the property of the defendant company so acquired for the use and benefit of the defendant *Romadka.* The affidavit enumerates specific misrepresentations which are alleged to have induced plaintiff to subscribe for and purchase his shares of stock and which are alleged to have been directly or indirectly procured by the defendant *Romadka.* The court made an order absolutely vacating and setting aside the proceedings for the examination of the defendant *Ro-*

*madka* and enjoining the proposed examination. ·This is an appeal from such order.

For the appellant there were briefs by *Frank M. Hoyt,* and oral argument by *L. A. Olwell.*

For the respondent there were briefs by *Kronshage, Mc-Govern, Goff, Fritz & Hannan,* attorneys, and *Thos. H. Gill,* of counsel, and oral argument by *Theodore Kronshage.* They contended, *inter alia,* that no cause of action for rescission exists against the defendant *Romadka. Franey v. Warner,* 96 Wis. 222; *Limited Inv. Asso. v. Glendale Inv. Asso.* 99 Wis. 54; *Glendale Inv. Asso. v. Harvey L. Co.* 114 Wis. 408; *J. V. LeClair Co. v. Rogers-Ruger Co.* 124 Wis. 44. Plaintiff, having elected to rescind, has waived and cannot assert the remedial rights predicated upon the opposite and inconsistent theory of a subsisting contract. *Grant v. Law,* 29 Wis. 99, 104; *Franey v. Warner,* 96 Wis. 222; *Limited Inv. Asso. v. Glendale Inv. Asso.* 99 Wis. 54; *Smeesters v. Schroeder,* 123 Wis. 116; *Davis v. Schmidt,* 126 Wis. 461; *Fox v. Wilkinson,* 133 Wis. 337, 340; *Smith v. Burns B. & Mfg. Co.* 132 Wis. 177, 186; *Pfeiffer v. Marshall,* 136 Wis. 51, 116 N. W. 871; *Wilson v. New U. S. C. R. Co.* 73 Fed. 994, 20 C. C. A. 244; *Westerfield v. New York L. Ins. Co.* 129 Cal. 68; *Fagan v. Newson,* 12 N. C. 20.

SIEBECKER, J. The purpose of respondent's examination under sec. 4096, Stats. (Supp. 1906), is to enable plaintiff to frame his complaint. To entitle plaintiff to such an examination before issue joined, the notice thereof must be "accompanied by an affidavit of the party, his agent or attorney, stating the general nature and object of the action" and "the points upon which such discovery is desired." The plaintiff attempted to fulfil these demands of the statute by the service of an affidavit stating that plaintiff seeks reimbursement for the damages he claims to have suffered through the alleged fraudulent scheme of the defendant El Globo Mining

and Milling Company and the defendant *Charles P. Ro-madka,* by which he was induced to purchase and pay for stock of the corporation, and that plaintiff seeks a rescission and cancellation of such stock subscription and purchase. This remedial statute has repeatedly been declared to be a highly beneficial one, and one to be liberally construed. See *Schmidt v. Menasha W. W. Co.* 92 Wis. 529, 66 N. W. 695, and cases cited. If the facts stated in the affidavit charge that plaintiff may be entitled to recover against the defendants, then he has a right to a discovery, whether or not the imputations of fraud are well founded. Id. The requirements of the affidavit upon which such application is based were considered in the recent case of *Gratz v. Parker,* 137 Wis. 104, 118 N. W. 637, and it was there declared:

"It does not require that facts sufficient to constitute a cause of action shall be set forth therein. . . . It is not even necessary that the plaintiff should know that a cause of action existed."

This it seems must necessarily be the interpretation of this statute, for its very purpose is to enable a plaintiff to secure information that he may properly state his cause of action. As stated in the *Schmidt Case:*

"It may be that upon examination of the defendants the plaintiff will find that there is no ground for charging the defendants with fault, and expensive litigation may thus be avoided."

It is however contended by the defendant *Romadka* that the plaintiff's statement in the affidavit for discovery, namely, "that the general nature and object of the action is for the rescission and cancellation of the subscription and purchase by the plaintiff of five (5) shares of capital stock of the defendant company, . . . issued by such company to the plaintiff on the 30th day of November, 1906, and for the recovery of the money paid therefor by the plaintiff," is an election that his cause of action shall be for a rescission and cancellation, and that since, under the facts and circumstances stated, no

cause of action does or can exist against the defendant *Romadka* because it appears he is not in possession of any of the proceeds, his examination should not be permitted. *Madison v. Madison G. & E. Co.* 129 Wis. 249, 108 N. W. 65; *State v. Milwaukee E. R. & L. Co.* 136 Wis. 179, 116 N. W. 900. This contention challenges the plaintiff's right to proceed upon the ground that he has chosen to remedy his wrong by a rescission of his subscription to the stock of the defendant corporation and the recovery as damages of an amount equal to the money paid therefor. The argument is that the statement in his affidavit amounts to an election of remedy and restricts him to an action based upon implied assumpsit as for money had and received. The correctness of this claim must be ascertained from the facts now before the court and the remedies afforded by the law under such circumstances.

It is in effect stated in the affidavit that the plaintiff made the purchase of the stock of the defendant company; that he paid and the defendant company received cash in payment of the transfer; that the defendant *Romadka* was an officer of the company and owned a controlling interest therein; that he and the officers and representatives of the company managed the corporate affairs and property, and as such fraudulently misrepresented its actual financial condition, the value of its property and its productiveness, and that he finally through fraud secured the title and possession of all the company's property and assets. These statements are ample to show the general nature of the wrong of which the plaintiff complains, namely, a fraudulent scheme and purpose, wherein the respondent and the defendant company joined and whereby the plaintiff was injured and damaged. It is apparent from these facts that the defendant *Romadka,* as a stockholder of the defendant company and as an officer in charge and management of its affairs, secured a benefit through the corporation, which had obtained money for the stock sold to the plaintiff, and by ultimately gaining posses-

sion of its property, thus through fraudulent manipulation obtaining the title to the company's property and retaining it against the right of the plaintiff and others similarly situated. *Milbrath v. State, ante,* p. 354, 120 N. W. 252. The facts and circumstances stated fully sustain plaintiff's contention to the effect that he has a cause of action against the defendants for fraud committed by them jointly. That the plaintiff, under such circumstances, has the right to seek relief for the fraud so perpetrated upon him by the defendant company and by *Romadka* as its officer and agent, we deem well sustained by the following cases: *Pittsburg M. Co. v. Spooner,* 74 Wis. 307, 42 N. W. 259; *Zinc C. Co. v. First Nat. Bank,* 103 Wis. 125, 79 N. W. 229; *Hebgen v. Koeffler,* 97 Wis. 313, 72 N. W. 745; *Franey v. Warner,* 96 Wis. 222, 71 N. W. 81. The doctrine of these cases is that the injured party may demand that he be made good by those who have united in the wrong resulting in his injury; and in seeking this relief he is not necessarily compelled to pursue the joint wrongdoers separately or to seek relief against those into whose hands he can trace the funds. Liability attaches upon the ground that when such a fraud is committed by several acting in concert and they reap a benefit therefrom, then they are all jointly and severally liable, and no participant can escape liability because he did not share in a pecuniary benefit of the wrong. The benefit so secured by any one of the parties is deemed to have been for the benefit of all, and each is individually liable for the whole injury. *Harrigan v. Gilchrist,* 121 Wis. 127, 280, 281, 99 N. W. 909; *Mack v. Latta,* 178 N. Y. 525, 71 N. E. 97.

The corporation is properly included as a party under the charge made in the affidavit. The allegations that defendants made fraudulent representations by which plaintiff was induced to purchase the stock and part with his money reasonably permit of the inference that its officers and agents acted authoritatively in the matter complained of, and, if sus-

tained by proof, subjects it to liability.    *Zinc C. Co. v. First
Nat. Bank, supra.*    The situation thus presented invests
plaintiff with the right to pursue one of several courses to
remedy the wrong.    He had the right to restore the original
situation, rescind the contract, and recover back his money.
He may offer to restore, and, by keeping such offer good, sue
in equity for a rescission of the contract and for a recovery
of his money.    Without restoring, he or all similarly inter-
ested joining may sue in equity to charge such person as a
trustee of the profits fraudulently retained by him and for an
accounting.    Or he may sue such person at law for the damages
resulting from the fraud.    True, plaintiff states the general
nature and object of his action to be for the rescission of the
subscription contract and for the recovery of the money paid
thereon.    This, however, cannot be held to be an election of
remedies so as to limit him in framing his complaint to an ac-
tion upon implied assumpsit as for money had and received
after he shall learn the details of the transactions from re-
spondent's examination.    It may well transpire that facts
will be elicited according with the purpose so declared and
upon which an action in equity either for a rescission of the
contract and the recovery of the money, or, without a restora-
tion of the stock, an action to charge defendants as trustees of
the profits fraudulently retained by them and for an account-
ing may be framed as affording the most complete and effi-
cient remedy.    The charge that the respondent, as stockholder
and director, and through his sons, who were also directors,
controlled the corporate property and its affairs and so ma-
nipulated the same as to secure possession of the property
and assets of the company, amply justifies the claim that he
as well as the company may be found to have received the
property of the plaintiff through their joint wrong, and may,
under the doctrine of the foregoing cases, establish the rela-
tionship of a trustee as between him and the plaintiff.

We are of opinion that the court erred in vacating and set-

ting aside the proceeding to examine the respondent before is-
sue joined under sec. 4096, Stats. (Supp. 1906), in enjoining
plaintiff from proceeding further therein, and in dismissing
the action as to the respondent.

*By the Court.*—The order appealed from is reversed, and
the cause remanded to the trial court for further proceedings
according to law.