SULLIVAN, Respondent, vs. ASHLAND LIGHT, POWER & STREET RAILWAY COMPANY and others, Appellants.

*February 19—March 11, 1913.*

*Discovery: Examination of party before pleading: Affidavit: Sufficiency: Counter affidavit: Extent of examination: Statutes: Construction.*

1. Sec. 4096, Stats., is a remedial and highly beneficial statute and is to be liberally construed.
2. To entitle the plaintiff to examine a defendant under sec. 4096 before pleading, it is not necessary that the affidavit therefor should state facts sufficient to constitute a cause of action; nor is it even necessary that the plaintiff should know that a cause of action exists. If the facts stated are sufficient to show that plaintiff may be entitled to recover against the defendant and that discovery is necessary to enable him to plead, that is sufficient.
3. A counter affidavit by the defendant denying some or all of the allegations of the plaintiff's affidavit is not sufficient to defeat the examination, if the first affidavit is made in compliance with the statute.
4. What cause of action shall be stated in the complaint can be determined after the examination, and after the complaint has been put in the court can determine whether a cause of action is stated against all the defendants.
5. It is not sufficient to defeat the right of examination that the plaintiff has sufficient information to enable him to draw some kind of a complaint in general terms. He is entitled to information sufficient to enable him to draw the particular complaint which he desires to draw upon the facts elicited by the examination, and to determine who are and who are not liable and the nature of his cause of action.

APPEAL from orders of the circuit court for Ashland county: G. N. RISJORD, Circuit Judge. *Affirmed.*

This is a proceeding for examination under sec. 4096, Stats. The appeal is from two orders, one refusing to dismiss the action as to all the defendants except *A. E. Appleyard,* and the other ordering examination of said *A. E. Appleyard* under sec. 4096.

The action was commenced by the service of a summons June 28, 1912, upon the *Ashland Light, Power & Street Railway Company, Ashland Power Company, Ironwood & Bessemer Railway & Light Company, A. E. Appleyard, William H. Burgess, Howard W. Lang,* and *George F. Merrill.* On June 28, 1912, a subpœna, notice of examination, and affidavit of the plaintiff for examination were served upon the defendant *A. E. Appleyard* for his examination before issue joined. On the day appointed for such examination, July 15, 1912, the defendants upon whom service of the summons had been made obtained an order staying proceedings for the examination of the defendant *Appleyard,* and directing the plaintiff to show cause July 20, 1912, why an order should not be entered dismissing the action as to the defendants served except *A. E. Appleyard,* and suppressing the notice and subpœna for his examination and perpetually staying all proceedings for examination under sec. 4096 prior to pleading by plaintiff.

Error is complained of on account of the making of these orders on the ground (1) that it appeared from the record that no cause of action existed against the defendants *Ashland Light, Power & Street Railway Company* and *George F. Merrill,* and (2) that it appeared that the plaintiff had sufficient information to enable him to plead. The affidavit of plaintiff for examination states:

"That the defendants *Ashland Light, Power & Street Railway Company,* Hurley Water Company, *Ashland Power Company,* and *Ironwood & Bessemer Railway & Light Company* are corporations organized under the laws of the state of Wisconsin; and the defendants Gogebic Electric Company, Twin City General Electric Company, Ironwood Water Works Company, Gogebic Street Railway Company, Gogebic & Iron Counties Railway & Light Company are corporations organized under the laws of the state of Michigan.

"That the general nature and object of the action is to compel the defendants *Ashland Power Company, Ironwood & Bessemer Railway & Light Company,* Gogebic Street Rail-

way Company, and Gogebic & Iron Counties Railway & Light Company, and *A. E. Appleyard,* Manuel M. Reid, *William H. Burgess,* and *Howard W. Lang,* to transfer or cause to be transferred to plaintiff a one-third of the stock in the corporations last mentioned and in each of them, and one third of the profits which accrued upon the organization and consolidation of said corporations, and the construction and improvement of the equipment of each of them, and one third of the profits which accrued upon the sale or exchange of the stock and bonds in each of said corporations; that discovery is necessary and is sought by the examination of said defendants as to certain facts within their knowledge and not within plaintiff's knowledge, in order to enable plaintiff to prepare his complaint herein.

"That the defendant *A. E. Appleyard* planned the organization of said *Ashland Power Company,* Gogebic Street Railway Company, Gogebic & Iron Counties Railway & Light Company, and the *Ironwood & Bessemer Railway & Light Company,* and outlined the scope and functions of each of them; that plaintiff took an active part in promoting the organization of all of said last named companies under an agreement with said *A. E. Appleyard,* and it was due chiefly to plaintiff's services that the franchises were obtained for said companies; that plaintiff's said services were so performed with the knowledge, consent, and acquiescence of the then stockholders in said companies; that under said agreement plaintiff was to receive for his services a reasonable amount of the stock and bonds of each of said corporations, and of the profits which accrued from the consolidation thereof and the sale of stock and bonds.

"That stock and bonds to the amount of several thousand dollars have been sold for said corporations by the defendants *William H. Burgess* and *Howard W. Lang,* under their firm name of Burgess, Lang & Company, since the month of February, 1908, the amount of such stock and bonds so sold or the commissions paid on such sales, or the proceeds of such sales, being unknown to plaintiff; that said *A. E. Appleyard,* as plaintiff is informed and verily believes, has exercised and now exercises complete dominion over all the corporations named, through his ownership of a majority of the stock of

said companies, held for him and in his interest by third persons whose names are unknown to plaintiff, and said *Appleyard* has so manipulated the records and books of account of each of said corporations as to conceal its pecuniary condition or the correct amount of moneys received and disbursed by it, and said defendants *William H. Burgess* and *Howard W. Lang,* as plaintiff believes, have been in privity with said *Appleyard* in thus attempting to conceal the true state of affairs, to the prejudice of bondholders and innocent stockholders in said corporations, and to the profit and benefit of said *A. E. Appleyard, William H. Burgess,* and *Howard W. Lang.*

"That the points on which discovery is desired are as follows:

"1. The amount of stock and bonds issued and sold by each of the above named corporations, respectively, since February, 1908, and the proceeds received and the disposition of such proceeds in each instance.

"2. The commissions paid on sales of all of said stock and bonds.

"3. The names of the stockholders and directors in each of said corporations at all times since February, 1908.

"4. The actual cost of all assets purchased and the actual cost of all improvements and repairs made by each of said corporations since March 1, 1908.

"5. The specific nature of the assets now owned by each of said corporations, the value thereof, and the amount of indebtedness of each of them.

"6. Whether the defendant Montreal & Bad River Improvement Company is a corporation, a joint-stock company, or a copartnership, and if a corporation, under the laws of what state or country organized, the amount of its capital stock, the names of stockholders, and its business, and if a partnership, the names of the individual members."

For the appellants there were briefs by *Sanborn, Lamoreux & Pray, George F. Merrill,* and *M. E. Dillon,* and oral argument by *A. T. Pray.*

For the respondent the cause was submitted on the brief of *William F. Shea.*

KERWIN, J.    The affidavit for examination of appellant is set out in substance in the statement of facts, and is in compliance with the statute for examination before issue joined under sec. 4096, Stats., as amended.    This remedial statute has been held by this court to be a highly beneficial one, and one to be liberally construed.    *Schmidt v. Menasha W. W. Co.* 92 Wis. 529, 66 N. W. 695; *Heckendorn v. Romadka,* 138 Wis. 416, 120 N. W. 257.

If the facts stated in the affidavit are sufficient to show that the plaintiff may be entitled to recover against the defendant and that discovery is necessary in order to enable the plaintiff to plead, that is sufficient.    It is not necessary that facts sufficient to constitute a cause of action be stated.    *Gratz v. Parker,* 137 Wis. 104, 118 N. W. 637.    Nor is it even necessary that the plaintiff should know that a cause of action exists.    *Schmidt v. Menasha W. W. Co., supra; Ellinger v. Equitable L. A. Soc.* 138 Wis. 390, 120 N. W. 235; *Richards v. Allis,* 82 Wis. 509, 52 N. W. 593; *American F. P. Co. v. American M. Co.* 151 Wis. 385, 138 N. W. 1123.    It is clear under the rule of the foregoing authorities and others in this court that the affidavit of the plaintiff is sufficient to entitle him to the examination.

An affidavit of defendant *Appleyard,* used on motion to suppress the examination, is relied upon by defendants. This affidavit denies some of the allegations of the plaintiff's affidavit for examination.    This counter affidavit, however, is not sufficient to defeat the examination based upon an affidavit made by the plaintiff in compliance with the statute. *American F. P. Co. v. American M. Co., supra; Ellinger v. Equitable L. A. Soc., supra.*    True, if the affidavit of plaintiff negatived the existence of a cause of action the examination would be denied.    *Schultz v. Strauss,* 127 Wis. 325, 106 N. W. 1066; *Madison v. Madison G. & E. Co.* 129 Wis. 249, 108 N. W. 65.

It not only does not appear from the affidavit of plaintiff in the instant case that no cause of action exists, but on the contrary it appears from such affidavit that some kind of a

cause of action does exist. As to what cause of action shall be stated against the defendants can be determined after the examination before issue joined. And after the plaintiff's pleading is put in, the court can determine whether a cause of action is stated against all of the defendants.

It is also insisted by counsel for appellants that the plaintiff has sufficient information to enable him to draw some kind of a complaint in very general terms. But the plaintiff is entitled to all information sufficient to enable him to draw the particular complaint which he desires to draw upon the facts elicited by the examination. It is quite apparent from the affidavit that such information he has not got, but seeks to obtain it in the manner pointed out by the statute. Even if it be assumed that the plaintiff has a cause of action against some of the defendants, although he believes he has a cause of action against all, he has a right to the examination for the purpose of discovering the facts as to who are and who are not liable and the nature of his cause of action, and the examination should be continued for that purpose and not dismissed as to any defendant until such discovery be had.

The counter affidavit of defendant purporting to put in issue some of the allegations of the affidavit of plaintiff, together with the able and exhaustive brief of appellants on the rights and remedies of plaintiff and reviewing the difficulties involved respecting what the remedy of the plaintiff is under the facts alleged in the plaintiff's affidavit for discovery demonstrate the wisdom of the liberal rule of this court regarding examination before issue joined under sec. 4096, Stats., as amended. The liberal rule is so well established by the decisions of this court that further discussion of it would seem unnecessary.

It follows, therefore, that the court below was right in denying the motion to dismiss the action as to any of the defendants; and also in ordering the examination of defendant *Appleyard* to be continued and that he be required to appear and submit to examination before issue joined.

*By the Court.*—The orders appealed from are affirmed.