Toman and another, Appellants, vs. Town of Lake and another, Respondents.

*November 9—December 7, 1954.*

240

For the appellants there was a brief by *George A. Bowman* and *William H. Bowman,* both of Milwaukee, and oral argument by *William H. Bowman.*

For the respondents there was a brief by *Walter J. Mattison,* city attorney of Milwaukee, and *Alan H. Steinmetz* and *Arthur Saltzstein,* assistant city attorneys, and oral argument by *Mr. Steinmetz.*

BROADFOOT, J.   It appears from the very meager record before us that proceedings were had under the provisions of sec. 66.02, Stats., for the consolidation of the town of Lake and the city of Milwaukee.  No attack is made upon the validity of that section but the affidavit recites that the general nature and object of the action is to contest the validity of said proceedings.  Apparently the proceedings resulted in a consolidation, or an absorption of the town of Lake by the city of Milwaukee.  This is recognized by the plaintiffs in their affidavit and because of their description of the town officers as "former" officers.

The plaintiffs contend that they still have the right to make the town of Lake a party defendant because of the last sentence of sec. 66.02, Stats., which reads as follows:

". . . Consolidation shall not affect the pre-existing rights or liabilities of any municipality and actions thereon may be

commenced or completed as though no consolidation had been effected."

We find but one case in Wisconsin dealing directly with the subject and that decision was made while different statutes were in effect. That case is *Schriber v. Langlade,* 66 Wis. 616, 628, 29 N. W. 547, 29 N. W. 554. In that case the court said:

"The whole of the territory composing the former town of Langlade having been attached to and made a part of the town of Richmond in May, 1883, not merely for a temporary purpose, but, so far as appears from the order attaching the same, for a permanent purpose, the former town of Langlade was completely destroyed, and no longer existed for any purpose."

This seems to be the rule where the matter has been passed upon in other jurisdictions and is the natural result of a consolidation. Therefore, at the time of the commencement of the action there was no town of Lake that could be sued. The city of Milwaukee succeeded to its rights and liabilities.

Sec. 326.12 (1), Stats., reads as follows:

"DISCOVERY EXAMINATION BEFORE TRIALS. (1) *Persons subject thereto.* The adverse examination of a party, or any person for whose immediate benefit any civil action or proceeding is prosecuted or defended, or his or its *assignor,* officer, agent, or employee, *or of the person who was such officer,* agent, or employee *at the time of the occurrence made the subject of the examination,* may be taken by deposition at the instance of any adverse party upon oral or written interrogatories in any civil action or proceeding at any time before final determination thereof, but the deponent shall not be compelled to disclose anything not relevant to the controversy. Each of said persons may be so examined once and no more, except when examined before issue joined, in which case he may be again examined after issue joined, upon all the issues. If the examination is taken after the complaint is

served, but before issue is joined, it may extend to all the allegations of the complaint."

Consolidation necessarily resulted in assignments by the town of Lake to the city of Milwaukee. We hold, therefore, that the statute above quoted is sufficiently broad to permit the examination of former officers of the town of Lake, the assignor, under the provisions thereof. There must be a means for an investigation and, if the facts discovered by the investigation warrant, an action to contest the validity of consolidation proceedings. The general nature and object of the action were sufficiently pleaded under the statute under its liberal interpretation as set forth in the case of *State ex rel. Wisconsin B. & I. Co. v. Sullivan,* 245 Wis. 544, 15 N. W. (2d) 847, and cases therein cited. Even though the action was properly dismissed against the town of Lake, the persons who were officers of that town during the consolidation proceedings may be examined, and certainly Arthur Werba, as an officer or employee of the city, may be examined.

The trial court did not pass upon the motion to limit the examination and to limit the production of documents required to be produced by the subpoenas *duces tecum.* Those are matters to be passed upon by the trial court upon the remand of the record.

*By the Court.*—The order dismissing the action as to the town of Lake is affirmed. The order suppressing the adverse examinations of Hazel Wegener, John Budzein, and Arthur Werba is reversed, and cause remanded for further proceedings according to law. No costs are allowed to either party, but the appellants shall pay the clerk's fees.

GEHL, J. (*dissenting*). Plaintiffs in this action seek nothing except to have a determination that the purported consolidation of the city of Milwaukee and the town of Lake is void and that the proceedings had in connection with such

purported consolidation were invalid. To say that consolidation is effective to extinguish the town of Lake, as the majority do, is to beg the entire question. We know from the affidavit of plaintiffs that they propose to establish the invalidity of the purported consolidation but for the lack of a complaint we have not yet even been advised as to the grounds upon which plaintiff's contention of invalidity is based.

The majority assume, without having any information whatever to support their determination and without even having given the plaintiffs an opportunity to establish the contrary, that the town of Lake no longer exists. With that conclusion I am unable to agree.

I am authorized to say that Mr. Justice BROWN concurs in this dissent.