STROUP, Respondent, v. CAREER ACADEMY OF DENTAL TECHNOLOGY-WASHINGTON, D. C., INC., and others, Appellants.

*February 1—February 27, 1968.*

For the appellants there was a brief by *Godfrey & Kahn,* attorneys, and *William H. Alverson* and *James Ward Rector, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Rector* and *Mr. Alverson.*

For the respondent there was a brief by *Eisenberg & Kletzke,* attorneys, and *Sydney M. Eisenberg* and *Jerome F. Pogodzinski* of counsel, all of Milwaukee, and oral argument by *Mr. Pogodzinski* and *Mr. Sydney M. Eisenberg.*

BEILFUSS, J.    Two issues are presented on this appeal:

1. Was the trial court's order allowing discovery in aid of pleading and denying dismissal for lack of personal jurisdiction without prejudice an appealable order?

2. When raised, must jurisdictional objections be tried prior to discovery examination of an adverse party and, if so, can the jurisdictional objection be raised by motion along with motions to limit or quash discovery?

Had the order solely denied defendants' motion to quash and limit discovery it would not be an appealable order. An order denying a motion to quash discovery has been expressly held nonappealable by this court. *Quality Outfitters v. Risko* (1958), 4 Wis. 2d 341, 90 N. W. 2d

638. Also, an order of the court which requires an adverse examination is not appealable since it is not an order granting a provisional remedy. The examination is granted as a matter of course by statute. *Hyslop v. Hyslop* (1940), 234 Wis. 430, 291 N. W. 337.

The order in this case went further. The request for relief from discovery was accompanied by an objection to jurisdiction. If the court had been presented with a motion to limit or quash discovery, but not presented with a challenge to jurisdiction, it could have required discovery without being concerned about jurisdiction because an appearance to move the court to limit discovery is a general appearance.

" 'It is well settled in this court that if a litigant desires to avail himself of want of jurisdiction of his person he must keep out of court for all purposes except that of objecting to jurisdiction, or, what is the same thing, moving to dismiss on that ground. If he takes any step consistent with the idea that the court has jurisdiction of his person, such appearance amounts to a general appearance and gives the court jurisdiction for all purposes.' See also *Bitter v. Gold Creek Mining Co.* (1937), 225 Wis. 55, 273 N. W. 509." *Ashmus v. Donohoe* (1956), 272 Wis. 234, 236, 75 N. W. 2d 303.

When the court is presented with an objection to jurisdiction, however, and then proceeds with the action, it is in effect deciding that it has jurisdiction to proceed and has, consequently, decided a jurisdictional question. *Vande Voort v. Stern* (1962), 16 Wis. 2d 85, 114 N. W. 2d 126.

Sec. 274.33, Stats., sets forth the kinds of lower court orders that may be appealed to the supreme court. Sub. (3) of this statute provides that when an order ". . . decides a question of jurisdiction. . . ." it is appealable.[2]

---

[2] *See also Isaksen v. Chesapeake Instrument Corp.* (1963), 19 Wis. 2d 282, 286, 120 N. W. 2d 151.

The order did deny the motion to dismiss the action for want of personal jurisdiction but "without prejudice." The trial court was of the opinion that inasmuch as the defect did not appear in the service of the summons the question of jurisdiction should await the discovery examination and the service and filing of the complaint. However, discovery examination of a party, whether in aid of pleading or otherwise, is an assumption and exercise of personal jurisdiction over the party.

While it is true that an officer of the appellant corporations was served within the state, that service alone did not confer jurisdiction over the nonresident defendant corporations under our jurisdictional statutes as enacted in 1959.[3] Service of process upon an officer of a foreign corporation within or without the state is proper service under sec. 262.06 (5) (a), Stats. (both the summons and complaint must be served in out-of-state service, sec. 262.12 (1) (b)). However, simply serving the officer of the corporation either within or without the state does not in itself confer jurisdiction. Grounds for personal jurisdiction as provided and enumerated in sec. 262.05 must be present. The introductory paragraph of sec. 262.06 so provides:

"A court of this state having jurisdiction of the subject matter and *grounds for personal jurisdiction as provided* in s. 262.05 may exercise personal jurisdiction over a defendant by service of a summons as follows: . . ." (Emphasis supplied.)

Sec. 262.04, Stats., also provides that personal jurisdiction lies only if jurisdictional grounds as set forth in

---

[3] Ch. 262 was repealed and recreated by ch. 226, Laws of 1959, and represented an extensive revision drafted by the judicial council and was largely the work of Professor G. W. Foster, Jr., of the faculty of the University of Wisconsin Law School who acted as reporter for the council. *Pavalon v. Thomas Holmes Corp.* (1964), 25 Wis. 2d 540, 547, 131 N. W. 2d 331.

sec. 262.05 or 262.07 exist. The revision note to sec. 262.04 (2), written by Professor G. W. Foster,[4] makes this perfectly clear:

"Sub. (2) emphasizes the distinction between the means of notice (i.e. service of the summons) and the grounds for exercising personal jurisdiction. These distinctions are not sharply drawn in existing statutes but case decisions make it plain that a personal judgment is effective only where the court has jurisdiction of the subject matter, has furnished the defendant an adequate means of notice and opportunity to be heard, and, finally, there *are adequate statutory grounds for personal jurisdiction.*" (Emphasis supplied.)

An order of a court whether or not purporting to decide a question of jurisdiction does so when, as here, the court proceeds as though it had jurisdiction, and, when such is the case the order is appealable under sec. 274.33, Stats. *Vande Voort v. Stern, supra.* Consequently, the trial court's order in the instant case is appealable because it in effect decided the court had jurisdiction to require discovery.

Since the court must have jurisdiction to allow discovery, it follows that when an objection to jurisdiction is made, the jurisdictional issue should be tried before proceeding with discovery. The question remaining is whether the jurisdictional objection may be raised by motion along with a motion to limit or quash discovery.

The statutory provision controlling objections to personal jurisdiction is sec. 262.16:

"**Raising objection to personal jurisdiction, general appearance.** (1) GENERAL APPEARANCE. An appearance of a defendant who does not object to the jurisdiction of the court over his person is a general appearance and gives the court personal jurisdiction over him.

"(2) HOW AND WHEN OBJECTION SHALL BE MADE. An objection to the court's jurisdiction over the person is

---

[4] 30 W. S. A. (1967 Pocket Part, p. 24), Interpretative Commentary to sec. 262.04 (2), Stats.

not waived because it is joined with other defenses or motions which, without such objection to jurisdiction, would constitute a general appearance. Such objection shall be raised as follows:

"(a) By motion when a defect is claimed in the service of the summons without a complaint; or when the defect appears upon the face of the record other than the complaint; or in case of a judgment on cognovit or by default;

"(b) By demurrer when the defect appears upon the face of the complaint; and

"(c) By answer in all other cases."

The defendants could not raise their jurisdictional objection by demurrer because no complaint had been filed. For the same reason they could not raise it by answer. Consequently, they attempted to raise the jurisdictional objection by motion. The trial court, however, ruled the defect claimed by the defendants was not in the service of the summons without a complaint and that consequently defendants could not raise the objection by motion. This left defendants with no method by which they could join the jurisdictional objection with their request for limitation of discovery.

Sec. 262.16 (2), Stats., was considered in *Pavalon v. Thomas Holmes Corp., supra.* The defendant in that case wanted to demur to the complaint and also raise a jurisdiction objection. The facts to show a want of personal jurisdiction did not appear upon the face of the complaint. The defendant could not raise its jurisdiction objection if it wished to pursue its demurrer. A demurrer without objection to jurisdiction would have been a general appearance. The court relieved the defendant from its dilemma, saying:

"Prior to this court's action, in exercising its rule-making power to create sub. (2) of sec. 262.17, Stats., effective September 1, 1956, a defendant who joined any defense or motion, which standing alone would constitute a general appearance with an objection to lack of personal

jurisdiction, was deemed to have waived the latter objection. The injustice resulting from such rule was highlighted by *Ozaukee Finance Co. v. Cedarburg Lime Co.* (1954), 268 Wis. 20, 66 N. W. (2d) 686. The wording of sec. 262.17 (2) as so promulgated was identical with that of present sec. 262.16 (2). See 271 Wis. vii. The action of this court in creating this rule of practice was upon the recommendation of the judicial council. See 30 W. S. A., p. 294, Interpretative Commentary to sec. 262.17. The key provision was the first sentence which reads:

" 'An objection to the court's jurisdiction over the person is not waived because it is joined with other defenses or motions which, without such objection to jurisdiction, would constitute a general appearance.'

"In order to carry out the underlying intent of this provision so as to permit one in appellant's position to attack the personal jurisdiction of the court and also demur to the sufficiency of the complaint, we hold that the jurisdiction issue may be raised by motion served with the demurrer. Such motion should be supported by an accompanying affidavit setting forth all material facts relied upon by movant to show the court's lack of personal jurisdiction. Where such a procedure is followed it is then the duty of the trial court under sub. (3) of sec. 262.16, Stats., to try the jurisdictional issue first before passing on the demurrer which raises an issue on the merits." (pp. 546, 547.)

The underlying intent also demands the disposition of the jurisdictional questions before allowing a defendant to be required to submit to discovery. A party should not be subjected to discovery without adequate reason. *State ex rel. Wisconsin Bridge & Iron Co. v. Sullivan* (1944), 245 Wis. 544, 15 N. W. 2d 847.

"The right to call men to the witness stand and examine them as to their private affairs is a most serious invasion of their liberties, if not indeed a deprivation of property in many cases *(Phipps v. Wis. Cent. R. Co.* 133 Wis. 153, 113 N. W. 456), and can be justified only on the ground that courts are entitled to the information in aid of a proper judicial proceeding." *State v. Milwaukee E. R. &*

*L. Co.* (1908), 136 Wis. 179, 192, 116 N. W. 900; *State ex rel. Wisconsin Bridge & Iron Co. v. Sullivan, supra,* p. 549.

Unquestionably the trial court followed a strict interpretation of the statute, but in logic and policy the jurisdictional issues should be tried to the court before discovery is allowed to proceed. Sec. 262.16, Stats., was obviously not drafted with the discovery in aid of pleading statute in mind. However, in order to carry out the underlying intent of the section as expressed in *Pavalon,* and relieve defendants from the injustice resulting from the rule that existed prior to the statute, we now hold that it is proper to raise the jurisdictional issue by motion along with a motion to limit or quash discovery.

Such a holding will only have the effect of requiring a jurisdictional trial where a foreign corporation is served within this state with a summons and affidavit of discovery in aid of pleading. Discovery in aid of pleading is not contemplated when the service is without the state, because service of the summons outside the state must be accompanied by a complaint. (Sec. 262.12 (1) (b), Stats.)

*By the Court.*—That portion of the order denying appellants' motion to dismiss for want of personal jurisdiction is reversed and remanded with the direction to stay all proceedings until the jurisdictional issue is determined pursuant to sec. 262.17 (3), Stats., consistent with this opinion.