Stott, Appellant, vs. Markle and others, Respondents.

*May 9—June 5, 1934.*

For the appellant there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish, Leo W. Slensby,* and *W. H. Voss* of counsel, all of Milwaukee, and oral argument by *Mr. Fish.*

For the respondents there was a brief by *Olwell & Brady* and *William T. Gill,* all of Milwaukee, and oral argument by *Mr. Gill* and *Mr. Lawrence A. Olwell.*

FOWLER, J. The plaintiff, after service of a summons in a circuit court action naming L. Brooks Leavitt and fifteen others as defendants, duly served a notice on Leavitt and each of two other defendants that they would be examined before a court commissioner "otherwise than as witnesses on a trial" under sec. 326.12, Stats. A subpœna *duces tecum* was issued by the court commissioner requiring attendance of the three defendants and the production of papers as indicated in the foregoing statement of facts. The purpose of the examination of the defendants as stated in the affidavit attached to the notice was to enable the plaintiff to plead. The statute under which the affidavit was presented is as follows:

"326.12 (4) *Discovery needed to plead.* If discovery is sought, to enable the plaintiff to frame a complaint, the notice of taking the examination shall be accompanied by the affidavit of himself, his attorney or agent, stating the general nature and object of the action or proceeding; that dis-

covery is sought to enable him to plead, and the subjects upon which information is desired; and the examination relative thereto shall be permitted unless the court or presiding judge thereof shall, before the examination is begun, further limit the subjects to which it shall extend, which may be done on one day's notice."

The affidavit states "that the nature of the action is to recover damages for false representations and suppressions in the sales and purchases of *certain securities* made by the defendants to the plaintiff; that discovery is sought to enable the plaintiff to plead;" and then states in separate paragraphs "the subjects upon which discovery is desired." From these paragraphs it sufficiently appears that the "certain securities" referred to are securities of or negotiated by the Credit Alliance Corporation.

The appellant claims that the affidavit complies with the statute and entitles him to an examination of the defendants named in the subpœna to enable him to plead. The respondents claim that the affidavit is insufficient because it does not state facts showing that the plaintiff has or probably has a cause of action. We see nothing in the statute that requires any detailed statement of facts. Only the "general nature and object of the action" need be stated. These appear from the affidavit.

We are here concerned only with the right to examine to enable the plaintiff to plead. The statute originally and up to 1885 contained no provision specially applicable to examinations to enable to plead. Ch. 137, secs. 54, 55, Stats. 1858; sec. 4096, Stats. 1878. Examination might be had at any time after service of the summons, but the defendant could not be required to disclose anything not relevant to the controversy. The court might by order limit the subjects upon which examination might be had before the issues were settled by pleas, but not afterwards. *Kelly v. Chicago & N. W. R. Co.* 60 Wis. 480, 19 N. W. 521. By ch. 321,

Laws of 1885, the provision here involved was inserted requiring in case of examination before joining of issue an affidavit stating the general nature and object of the action, and the points upon which examination was desired. It limited the examination to matters relevant to the points stated, and provided for further limitation by order of court upon notice. The statute as so amended is considered in *Schmidt v. Menasha Wooden Ware Co.* 92 Wis. 529, 66 N. W. 695. It is there stated (p. 533) that "while the court, in the exercise of its discretion, might properly limit the subjects of inquiry, it ought not to have absolutely denied the plaintiff the proposed examination" to enable him to plead. It is held in *Singer Sewing Machine Co. v. Lang,* 186 Wis. 530, 536, 203 N. W. 399, that "it is not necessary that the affidavit for discovery [to enable to plead] state facts sufficient to constitute a cause of action, nor is it necessary that the plaintiff should know that a cause of action exists;" citing *Sullivan v. Ashland L., P. & St. R. Co.* 152 Wis. 574, 140 N. W. 316. While in the cases in which the provision involved has been considered, the affidavits have contained a statement of facts, more or less in detail, in none has it been held or intimated that such a statement is necessary.

In Stats. 1911, old sec. 4096 was rearranged and the provision here involved was numbered as subsection 5; and in 1927 it was renumbered as sec. 326.12 and simplified but without change of meaning.

The respondents cite to the point that facts must be stated to warrant an adverse examination to enable a party to plead a statement in *Worthington P. & M. Corp. v. Northwestern I. Co.* 176 Wis. 35, 41, 186 N. W. 156, that "a general allegation of materiality and necessity is not sufficient, but facts must be stated showing how and why the discovery or inspection is material." As applied to situations not con-

trolled by express statutory provision this is doubtless true. But express statutory provisions must be given effect according to their plain import. Courts in applying a statutory provisional remedy cannot add conditions not contained in the statute. The only condition imposed by the statute upon examination to enable a party to plead is that an affidavit be presented stating the general nature and object of the action; that discovery is sought to enable him to plead; and the subjects on which information is desired. These being included, all others are excluded under the rule *"inclusio unius est exclusio alterius."* The statement of the court in the *Worthington P. & M. Corp. Case, supra,* only cites 6 Ency. Pl. & Pr. 804, 805, as authority for its blanket statement. A citation is pointless as to the construction to be given to a statute unless based upon a statute and the language of the statute be given for comparison with the particular statute under consideration. The *Worthington P. & M. Corp. Case* only involved an adverse examination after issue was joined. The matter of examination to enable a party to plead was not before the court. Sub. (4) of sec. 326.12 was not considered. We cannot accept the statement quoted as applicable to the instant situation. From the language of sec. 326.12 (4) and the history of the discovery statute we are of opinion that the suppression of the defendants' examination was erroneous. The court might, as indicated in the statute and as stated in the *Schmidt Case, supra,* have limited the scope of the examination upon motion and a showing sufficient to warrant the exercise of its discretion to do so, but might not suppress it entirely.

Whether the court properly quashed the *duces tecum* provision of the subpœna is another question. The respondents claim that even if the examination may be had as to the matters indicated in the affidavit, they cannot be compelled to produce the documents referred to in the subpœna *duces*

*tecum,* because the examination of these documents can only be compelled under sec. 269.57, Stats., relating specifically to procuring opportunity to inspect and take copies of documents and books in the hands of the adverse party. They base this contention upon the ruling of this court in *Northern Wis. Co-op. Tobacco Pool v. Oleson,* 191 Wis. 586, 211 N. W. 923, and the subsequent omission from the statutes of sub. (3) of sec. 326.12 of the Statutes of 1925, which contained a provision for the production by subpœna *duces tecum* of books, papers, etc., upon examinations under the discovery statute. In the *Tobacco Pool Case, supra,* an adverse examination of the plaintiff to enable him to answer was noticed by the defendant. The place of the examination was fixed elsewhere, but it had been stipulated that for convenience the examination of such of plaintiff's books as was necessary should be held at the plaintiff's office. Upon attempted examination of books and papers pursuant to the stipulation, disagreement arose as to the defendant's right to examine the books and papers of the plaintiff except upon conditions imposed by the plaintiff. The defendant procured an order of court requiring the plaintiff to permit him to make such inspection and examination of the books, correspondence, etc., of the plaintiff as he desired. This court held that this order was made under the section of the statute providing for inspection of documents and books and not under the discovery statute, and held the order erroneous for not limiting the inspection as to time of inspection, to the plaintiff's place of business, and to the particular documents or papers of which inspection was desired.

The respondents' claim that the omission of sub. (3) in the 1925 Statutes was due to the ruling in the *Tobacco Pool Case* is erroneous. The omission occurred in a revisor's bill prepared and introduced before the *Tobacco Pool Case* was decided. The omission doubtless occurred because it was

considered that secs. 325.01 and 325.02 contain all the provisions necessary to authorize issuance of a subpœna *duces tecum*. The official before whom a discovery examination is noticed has power under sec. 325.01 (1) to subpœna the party, and while issuing the subpœna may insert therein a provision for production of "lawful instruments of evidence in any action."

But while the omission of sub. (3) of the 1925 Statutes is without significance in determining the scope of sub. (4) of the present statute, the holding in the *Tobacco Pool Case, supra,* that inspection of documents, etc., can only be justified under sec. 269.57, rules the point now under consideration in respondents' favor. The *duces tecum* provision of sec. 325.01 is directed to production of particular documents, papers, or books required for introduction in evidence. It is not to be employed to procure inspection of files to determine whether they contain evidence, which is manifestly the purpose of the insertion of the wide and comprehensive language of the *duces tecum* subpœna issued in this case. The form of the subpœna not only fails to identify particular papers, but it would by its terms require the removal of the defendants' files from their offices, contrary to the rule declared, or at least intimated, in the *Tobacco Pool Case, supra,* p. 594. It would also be contrary to the rule that before inspection or examination of papers and files can be compelled, as indicated in the *Tobacco Pool Case,* and as held in the *Worthington P. & M. Corp. Case, supra,* it must be made to appear that they are material to the issue. The only issues here involved are those disclosed by the points upon which plaintiff desires examination. It does not appear that the defendants have any documents, papers, correspondence, or files bearing upon those points. When, if at all, it appears that the defendants have papers containing matters necessary for the plaintiff to know to enable him to plead, it will be time

enough to require their production. As stated in the *Tobacco Pool Case, supra,* at p. 593, "neither section [sec. 4096, now sec. 326.12, nor sec. 4183, now sec. 269.57] authorizes the indiscriminate exploration into matters extrinsic to the merits of the pending action. . . . To give a roving commission for the inspection or production of books or papers, in order that a party may ransack them without limitation, either as to time or manner, would present an intolerable condition," and, as stated on the page following the above quotation, "the application for an order of inspection of books and documents under sec. 4183 [now sec. 269.57] should specify with particularity the books and documents desired for inspection, and it should show that they are relevant and pertinent" to the matters at issue. It would seem to go without saying that if a court cannot by order open an unlimited field for exploration or open waters for a fishing expedition under the statute for procuring inspection of documents and papers, a magistrate before whom an examination of an adverse party is noticed cannot do so by inserting a *duces tecum* provision in a subpœna.

*By the Court.*—The portion of the order of the circuit court suppressing examination of the defendants to enable the plaintiff to plead is reversed; the portion quashing the subpœna so far as it commands the production of the things named in the subpœna, is affirmed.