McGeoch Building Company, Respondent, vs. Dick & Reuteman Company and others, Appellants.

*September 18—October 13, 1942.*

268

For the appellants there was a brief by *Lecher, Michael, Whyte & Spohn,* attorneys, and *Charles F. Puls, Jr.,* of counsel, all of Milwaukee, and oral argument by *Malcolm K. Whyte.*

*Aaron D. Levine* of Milwaukee, for the respondent.

FRITZ, J.   The grounds upon which the appellee, McGeoch Building Company, bases its motion to dismiss the defendants' appeal from the circuit court order confirming a court commissioner's ruling,—which he made in the course of an adverse examination under sec. 326.12, Stats., of the defendant and witness Kadish, who was directed thereby to produce a certain list of names and addresses,—are that the order is neither a final order in a special proceeding so as to be appealable under sec. 274.33 (2), Stats., nor an order which grants, refuses, continues, or modifies a provisional remedy so as to be appealable under sec. 274.33 (3), Stats.   *Milwaukee Corrugating Co. v. Flagge,* 170 Wis. 492, 175 N. W. 777; *Mantz v. Schoen & Walter Co.* 171 Wis. 7, 176 N. W. 70; *State ex rel. Finnegan v. Lincoln Dairy Co.* 221 Wis. 15, 265 N. W. 202; *Petition of Phelan,* 225 Wis. 314, 274 N. W. 411.

On the other hand, appellants contend that the order appealed from is in substance an order for the inspection of a document, which is authorized under only sec. 269.57 (1), Stats., and that consequently it is an order granting a provisional remedy, and as such is appealable under sub. (3) of sec. 274.33, Stats.   *Northern Wis. Co-op. Tobacco Pool v. Oleson,* 191 Wis. 586, 211 N. W. 923.

Appellants' contention cannot be sustained.   The ruling made by the court commissioner, in the course of the examination of the witness Kadish, requiring him to produce a document for use on such examination in relation to matters within the scope of the points upon which discovery was stated to be desired in the affidavit filed by plaintiff for that purpose, differs materially from the broad and comprehensive order under consideration in the *Northern Wis. Co-op. Tobacco Pool Case, supra,* which provided,—

"that the defendant, his attorneys, agents, and accountants be permitted to examine said books and records secretly and

without disclosing to the plaintiff, its attorneys, agents or accountants any figures, records, or data copied therefrom; the plaintiff may have a representative in the room where such examination or copying is being made, but he 'shall make no attempt or effort to pry into or ascertain what information is being obtained or attempted to be ascertained by such examination.'" (p. 592.)

Appellants also contend, however, that since the omission of sub. (3) of sec. 326.12, Stats. 1925, upon the revision thereof by ch. 523, Laws of 1927, the only statute authorizing a commissioner to compel production of documents, etc., on an adverse examination is found in secs. 325.01 and 325.02, Stats.; that thereunder the scope of a subpœna in respect to documents is limited to the "production of lawful instruments of evidence;" that the list of names, etc., which the witness Kadish was ordered to produce is not in the class of "lawful instruments of evidence" because plaintiff desires it only for examination and inspection to procure information to enable plaintiff to plead, and does not want it as evidence; and that the latter appears from the circumstance that at this stage of the litigation there is no opportunity to present documents as evidence.

As we indicated in *Scott v. Markle,* 215 Wis. 528, 534, 255 N. W. 540, the omission of sub. (3) from sec. 326.12, Stats. 1925, "doubtless occurred because it was considered that secs. 325.01 and 325.02 contain all the provisions necessary to authorize issuance of a subpœna *duces tecum."* Under sec. 325.01 (1), Stats., a court commissioner is authorized *"to require* the attendance of witnesses and their *production* of *lawful instruments of evidence in any action, matter or proceeding* pending or *to be examined into before any court,* magistrate, *officer,* . . . or other person *authorized* to take testimony in the state."

In ruling, upon the refusal of Kadish to produce in the course of his adverse examination the list of names, the court commissioner said,—

"In view of the relationship that the witness bears and the subject matter of this suit, it is the view of the commissioner that it is the duty of the witness to produce the list requested by examining counsel. That is the order."

Under the circumstances appearing in the record, the ruling requiring the witness to produce the list in the course of his examination for use as an instrument of evidence in connection with matters then to be examined into before the commissioner in relation to points upon which discovery had been duly·stated to be desired, was not an order commanding the production of the document for the purpose of the inspection thereof under sec. 269.57 (1), Stats. Neither in form or substance, nor in view of the basis of the ruling as disclosed by the record, can the order be considered an order made under sec. 269.57 (1), Stats., and to therefore constitute the granting of a provisional remedy because of which it would be an appealable order under sec. 274.33 (3), Stats. Consequently, the appeal must be dismissed.

*By the Court.*—Appeal dismissed.