HILLER and another, Appellants, vs. PERSSION and another, Respondents.

*May 4—June 2, 1953.*

For the appellants there was a brief and oral argument by *Harry N. Loeb* of Madison.

For the respondents there was a brief by *Roberts, Roe, Boardman, Suhr & Bjork* of Madison, and oral argument by *Frederick C. Suhr.*

BROADFOOT, J. The sole question for determination in this case is the sufficiency of the affidavit under the provisions of sec. 326.12 (4), Stats. That section reads as follows:

"If discovery is sought, to enable the plaintiff to frame a complaint, the notice of taking the examination shall be accompanied by the affidavit of himself, his attorney or agent, stating the general nature and object of the action or proceeding; that discovery is sought to enable him to plead, and the subjects upon which information is desired; and the examination relative thereto shall be permitted unless the court or presiding judge thereof shall, before the examination is begun, further limit the subjects to which it shall extend, which may be done on one day's notice."

Prior decisions involving an interpretation of this section as now constituted and as it read prior to amendment have been reviewed in the case of *Stott v. Markle,* 215 Wis. 528, 255 N. W. 540, and *State ex rel. Wisconsin B. & I. Co. v. Sullivan,* 245 Wis. 544, 15 N. W. (2d) 847.

The affidavit listed the following matters on which discovery was sought:

"1. The interest of each, and both, defendants in photography business and premises above mentioned prior to the date of possession taken by plaintiffs.

"2. The interest of each, and both, defendants in photography business and premises above mentioned from the date of possession taken by the plaintiffs to the date hereof.

"3. Negotiations among the parties leading to plaintiffs' operating Sanchez Studios and negotiations among the parties leading to repossession by defendants.

"4. Details of the form and content of lease and conditional sales contract between Leon Perssion and the plaintiffs dated on about June 15, 1950.

"5. Any and all additional facts relating to matters hereinabove set forth."

In its memorandum decision the trial court said:

"Plaintiffs rely on certain representations. They know as well as defendants what these representations were. If they believe them to be false, let them draw a complaint and so allege."

That is undoubtedly true as to the matters described in paragraph numbered 3 of the affidavit. It might also be true as to paragraph numbered 4 thereof, unless the plaintiffs show that they do not now have a copy of the lease and conditional sales contract and do not have access thereto, but it cannot be true as to the matters described in paragraphs numbered 1 and 2 thereof. In the case of *Stott v. Markle, supra,* this court said (p. 533):

"From the language of sec. 326.12 (4) and the history of the discovery statute we are of opinion that the suppression of the defendants' examination was erroneous. The court might . . . have limited the scope of the examination upon motion and a showing sufficient to warrant the exercise of its discretion to do so, but might not suppress it entirely."

The statute is clear. All the affidavit need state is the general nature and object of the action, that discovery is sought to enable plaintiffs to plead, and the subjects on which information is desired. The affidavit meets the minimum requirements of the statute, and it was error for the court to suppress the examinations entirely.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.