# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## WILLIAMSON v AAA OF MICHIGAN

Docket No. 165131. Argued on application for leave to appeal March 13, 2024. Decided June 11, 2024.

Charles Williamson filed an action in the Wayne Circuit Court against AAA of Michigan for breach of contract and declaratory relief. Williamson was injured when he was struck by a car, and he applied for no-fault personal protection insurance (PIP) benefits from the Michigan Automobile Insurance Placement Facility (MAIPF), which operates the Michigan Assigned Claims Plan (MACP). The MAIPF assigned Williamson's claim to AAA, but AAA refused to pay. After Williamson's death, his daughters, Porsha Williamson and Lateshea Wiliamson, continued the lawsuit as co-personal representatives of his estate (the Estate). In its responses to AAA's interrogatories, the Estate claimed benefits for attendant care that was purported to have been provided after Charles Williamson's death. AAA moved for summary disposition on the basis that the Estate knowingly presented material misrepresentations in support of its claim for no-fault benefits and was therefore barred from recovering all no-fault benefits. The trial court, Muriel D. Hughes, J., granted AAA's motion. The Court of Appeals, SHAPIRO, P.J., and RICK and GARRETT, JJ., reversed and held that statements made during discovery cannot constitute fraudulent insurance acts under the no-fault act, MCL 500.3101 *et seq*. 343 Mich App 496 (2022). AAA applied for leave to appeal in the Michigan Supreme Court, and the Court ordered oral argument on the application. 511 Mich 978 (2023).

In a unanimous opinion by Justice WELCH, the Supreme Court *held*:

MCL 500.3173a(4) concerns fraudulent insurance acts against the MAIPF and provides that a person who presents a statement to the MAIPF, or to an insurer to which the claim is assigned through the MACP, for payment or other benefit knowing that the statement contains false information concerning a fact or thing that is material to the claim commits a fraudulent insurance act under the statute. Further, the statute provides that a claim that is supported by a fraudulent insurance act is ineligible for payment of PIP benefits under the MACP. For a statement to be a fraudulent insurance act under MCL 500.3173a(4), it must be part of or in support of a claim to the MAIPF or to an insurer to which the claim is assigned by the MACP. The no-fault act does not define the word "claim," nor has this Court defined it in the context of MCL 500.3173a(4). As used elsewhere in the no-fault act, however, the Court has held that a "claim for benefits" is a demand to an insurer by its insured or a third party for payments that are believed to be due after

a motor vehicle accident. As applied to this case, the Estate's interrogatory answers, which indicated that the Estate sought no-fault benefits for services rendered after Williamson passed away, were a demand to an insurer for payments that were believed to be due after a motor vehicle accident. Therefore, the Estate necessarily made the statements in support of a claim to the MAIPF for no-fault benefits. Accordingly, contrary to the Court of Appeals' holding, false statements submitted during discovery, after a lawsuit for recovery has been filed, may be statements offered in support of a claim to the MAIPF or the assigned insurer.

Reversed and remanded.

# OPINION

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

FILED  June 11, 2024

STATE OF MICHIGAN

SUPREME COURT

PORSHA WILLIAMSON and LATESHEA
WILLIAMSON, as Co-Personal
Representatives of the ESTATE OF
CHARLES WILLIAMSON,

      Plaintiffs-Appellees,

v                                   No. 165131

AAA OF MICHIGAN,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

WELCH, J.

The no-fault act, MCL 500.3101 *et seq*., "created a compulsory motor vehicle insurance program under which insureds may recover directly from their insurers, without regard to fault, for qualifying economic losses arising from motor vehicle incidents." *McCormick v Carrier*, 487 Mich 180, 189; 795 NW2d 517 (2010), citing MCL 500.3101 and 500.3105. "The goal of the no-fault insurance system was to provide victims of motor

vehicle accidents assured, adequate, and prompt reparation for certain economic losses." *Shavers v Attorney General*, 402 Mich 554, 578-579; 267 NW2d 72 (1978). To that end, when an injured person lacks insurance, the no-fault act sets forth an order of priority for payment of personal protection insurance (PIP) benefits by the insurers of the various vehicles involved, by the insurers of the people who operated or owned the vehicles involved, or by the Michigan Assigned Claims Plan (MACP). See MCL 500.3114(2) through (5); MCL 500.3115.

The Legislature established the MACP to provide an injured person with coverage when there is no other applicable insurer in the order of priority. See MCL 500.3115 and MCL 500.3172(1). In such cases, the claim is assigned to a Michigan auto insurer. See MCL 500.3172(2). A MACP claim "that contains or is supported by a fraudulent insurance act," however, "is ineligible for payment of [PIP] benefits." MCL 500.3173a(4).

This case presents an issue of first impression: whether MCL 500.3173a(4) applies to misrepresentations made during discovery in the course of litigation. The Court of Appeals' opinion below established a categorical rule that MCL 500.3173a(4) applies to prelitigation statements only. We find this rule to be overly broad and therefore reverse and remand for further proceedings.

## I. BACKGROUND

In 2018, a car struck and injured pedestrian Charles Williamson. Williamson applied for no-fault PIP benefits through the Michigan Automobile Insurance Placement Facility (MAIPF), which operates the MACP. The MACP assigned Williamson's claim to defendant, AAA of Michigan.

2

AAA refused to pay PIP benefits. In response, Williamson commenced this action for breach of contract and declaratory relief. In 2019, however, Williamson died in an unrelated accident. After Williamson's death, his daughters, plaintiffs Porsha Williamson and Lateshea Williamson, continued the lawsuit as the co-personal representatives of his estate (the Estate).

After the Estate took control of the lawsuit, it answered AAA's interrogatories. This appeal concerns several of the Estate's answers to those interrogatories:

> 30. Do you claim any loss of services no-fault benefits in this lawsuit?
>
> ANSWER: [Left blank]
>
> 31. If your answer to Interrogatory 30 is yes, please provide the following information as to each person who has provided to you such services:
>
> * * *
>
> ANSWER:
>
> . . . Lirrice Brown. See attached services forms[.]
>
> * * *
>
> 57. Do you claim benefits for attendant care or nursing services in this lawsuit pursuant to MCL § 500.3107(1)(a)? If so, please confirm what is the total amount of unpaid attendant care services claimed through the date you answer these Interrogatories.
>
> ANSWER:
>
> Yes. See attached[.]

The Estate left Interrogatory 30 blank, but its answer to Interrogatory 31 indicates that it was claiming loss-of-services no-fault benefits. The Estate attached replacement-service and attendant-care forms identifying Lirrice Brown as the service provider. The

3

Estate included forms for services rendered after Charles Williamson passed away. Lateshea Williamson signed the interrogatory answers on the Estate's behalf, acknowledging that she believed the answers to be true.

AAA moved for summary disposition under MCR 2.116(C)(10). In support of its motion, AAA argued that the Estate knowingly presented material misrepresentations in support of its claim for no-fault benefits by submitting reimbursement forms for services rendered to Charles Williamson after he passed away. Consequently, AAA asserted, the Estate was barred from recovering all no-fault benefits under MCL 500.3173a(4) and *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772; 910 NW2d 666 (2017). The trial court granted AAA's motion, concluding that the Estate was ineligible for payment or benefits pursuant to MCL 500.3173a.

The Court of Appeals reversed in a published opinion. *Williamson v AAA of Mich*, 343 Mich App 496; 997 NW2d 296 (2022). The panel held that statements made during discovery cannot constitute fraudulent insurance acts under the no-fault act. Because the Estate made the disputed statements during discovery and not as part of the actual insurance claim-filing process, the Court of Appeals reversed the trial court's grant of summary disposition and remanded for further proceedings. In light of its holding, the Court of Appeals declined to "address the Estate's alternative arguments that AAA failed to satisfy the intent and materiality prongs for a fraudulent insurance act under MCL 500.3173a(4), or that AAA failed to plead the affirmative defense of fraud with sufficient particularity." *Id*. at 513. AAA's application for leave to appeal to this Court followed.

We ordered oral argument on the application. In our order, we directed the parties to address "whether MCL 500.3173a(4), the statutory provision governing fraudulent

4

insurance acts in the filing of a claim for no-fault benefits, applies to misrepresentations offered during discovery." *Williamson v AAA of Mich*, 511 Mich 978, 978 (2023).

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *Johnson v VanderKooi*, 502 Mich 751, 761; 918 NW2d 785 (2018), citing *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint." *Maiden*, 461 Mich at 120. A court ruling on such a motion must consider "affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id*. If the evidence fails to establish a genuine dispute regarding any material fact, then the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10).

This Court reviews de novo questions of statutory interpretation. *Marketos v American Employers Ins Co*, 465 Mich 407, 412; 633 NW2d 371 (2001). When interpreting a statute, the Court's goal "is to discern and give effect to the Legislature's intent as expressed in the words of the statute." *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). For that reason, the Court "give[s] the words of a statute their plain and ordinary meaning, looking outside the statute to ascertain the Legislature's intent only if the statutory language is ambiguous." *Id*., citing *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995). "[C]ourts may not speculate about an unstated purpose where the unambiguous text plainly reflects the intent of the Legislature." *Pohutski*, 465 Mich at 683, citing *Lansing v Lansing Twp*, 356 Mich 641, 649-650; 97

NW2d 804 (1959). Although the Court construes most words according to their ordinary meaning, it construes "words that have acquired a peculiar and appropriate meaning in the law . . . according to that peculiar and appropriate meaning." *Feyz v Mercy Mem Hosp*, 475 Mich 663, 673; 719 NW2d 1 (2006), citing MCL 8.3a.

## III.  DISCUSSION

### A.  MAIPF AND MACP

When an individual cannot obtain no-fault insurance coverage after an accident through ordinary means, the MAIPF fills in the gaps.  See MCL 500.3301.  The no-fault act directs the MAIPF to "adopt and maintain an assigned claims plan." MCL 500.3171(2). The Legislature thus established the MACP to provide an injured person with coverage when there is no other applicable insurer.  See MCL 500.3172(1).  In so doing, the Legislature provided "that every person injured in a motor vehicle accident would have access to PIP benefits unless one of the limited exclusions in the no-fault act applies, and the losses suffered by uninsured persons injured in motor vehicle accidents could be indirectly passed on to the owners and registrants of motor vehicles through insurance premiums." *Spectrum Health Hosps v Mich Assigned Claims Plan*, 330 Mich App 21, 32; 944 NW2d 412 (2019).[1]

MCL 500.3173a(4) concerns fraudulent insurance acts against the MAIPF.  This provision provides:

---

[1] The Court of Appeals observed correctly that "[a]lthough portions of *Spectrum* have been superseded by the current version of MCL 500.3173a(1), the cited language remains good law." *Williamson*, 343 Mich App at 504 n 4.

A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the [MAIPF], or to an insurer to which the claim is assigned under the assigned claims plan, for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under [MCL 500.4503] that is subject to the penalties imposed under [MCL 500.4511]. *A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment* of [PIP] benefits under the assigned claims plan. [MCL 500.3173a(4) (emphasis added).]

Under the Insurance Code, MCL 500.100 *et seq.*, a person commits a fraudulent insurance act if that person presents to an insurer "a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains false information concerning any fact or thing material to the claim." MCL 500.4503(c). The Court of Appeals has held, moreover, that a person commits a "fraudulent insurance act" under MCL 500.3173a when:

(1) the person presents or causes to be presented an oral or written statement, (2) the statement is part of or in support of a claim for no-fault benefits, and (3) the claim for benefits was submitted to the MAIPF.[2] Further, (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim. [*Candler*, 321 Mich App at 779-780.]

## B. APPLICATION

The sole issue on appeal is whether the Estate submitted "[a] claim that contains or is supported by a fraudulent insurance act . . . ." MCL 500.3173a(4). If the answer is yes, then the Estate is ineligible for benefits. See *id*. The Court of Appeals held that only

---

[2] After the Court of Appeals released its opinion in *Candler*, the Legislature amended MCL 500.3173a to clarify that the statute applies to statements presented in support of a claim to the MAIPF or "to an insurer to which the claim is assigned under the assigned claims plan." MCL 500.3173a(4), as amended by 2019 PA 21.

*prelitigation* statements can constitute statements in support of a claim under MCL 500.3173a(4). Because the Estate provided the disputed statements during discovery in the course of litigation, the Court of Appeals reasoned, the statements could not have been fraudulent insurance acts under MCL 500.3173a(4). We disagree.

For a statement to be a fraudulent insurance act under MCL 500.3173a(4) it must be "part of or in support of a claim to the [MAIPF], or to an insurer to which the claim is assigned under the assigned claims plan, for payment or another benefit . . . ." The no-fault act does not define the word "claim," nor has this Court defined the term in the context of MCL 500.3173a. We have, however, defined the term as used elsewhere in the no-fault act. In *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017), we held that "[t]he relevant dictionary definitions of 'claim' include 'a demand for something due or believed to be due' and 'a right to something.' " *Id*. at 211 n 31, quoting *Merriam-Webster's Collegiate Dictionary* (11th ed). Likewise, in *Griffin v Trumbull Ins Co*, 509 Mich 484, 498; 983 NW2d 760 (2022), we held that "a claim for benefits is simply a demand to an insurer by its insured or a third party for payments that are believed to be due after a motor vehicle accident."[3] In the context of MCL 500.3173a, therefore, "claim" refers generally to a claimant's demand for coverage under the MACP based on bodily injury sustained in a motor vehicle accident. See *id*.

Applying these definitions to the case at bar, it follows that the Estate's interrogatory answers—which indicated that the Estate sought no-fault benefits for services rendered

---

[3] We have also observed, moreover, that "making a claim for insurance benefits is not the same as filing a lawsuit." *Griffin*, 509 Mich at 498 n 5. Importantly, however, in so doing, we did *not* hold that statements made during litigation can never be in support of a claim. See generally *id*. at 490-510.

8

after Williamson passed away—were in support of a demand for coverage under the MACP based on bodily injury sustained in a motor vehicle accident. There is no other conceivable reason why the Estate would have supplied the answers it did.

Our interpretation applies the statute's plain text with fidelity. It also produces a coherent result. Many plaintiffs in no-fault cases seek continuing care benefits while litigating against an insurer. The Court of Appeals' overbroad rule suggests that once litigation commences, MCL 500.3173a(4) would no longer penalize fraudulent statements aimed at obtaining benefits sought while litigation is ongoing. Nothing in the statute suggests that the Legislature desired such a result.

Because the Estate provided the disputed statements to support "a demand to an insurer by its insured or a third party for payments that are believed to be due after a motor vehicle accident," *Griffin*, 509 Mich at 498, it necessarily made the statement "in support of a claim to the [MAIPF]" for no-fault benefits," MCL 500.3173a(4). Accordingly, we reverse the Court of Appeals' holding that "[f]alse statements submitted during discovery, after an *action* [lawsuit] for recovery has been filed, are not statements offered in support of a *claim* to the MAIPF or the assigned insurer." *Williamson*, 343 Mich App at 509.

### C. CONCLUSION

Given its holding, the Court of Appeals declined to "address the Estate's alternative arguments that AAA failed to satisfy the intent and materiality prongs for a fraudulent insurance act under MCL 500.3173a(4), or that AAA failed to plead the affirmative defense of fraud with sufficient particularity." *Id*. at 513. We directed the parties to only address "whether MCL 500.3173a(4), the statutory provision governing fraudulent insurance acts

9

in the filing of a claim for no-fault benefits, applies to misrepresentations offered during discovery." *Williamson*, 511 Mich at 978. We hold that it can. Accordingly, we remand this case to the Court of Appeals to address the heretofore unresolved issues. We do not retain jurisdiction.

> Elizabeth M. Welch
> Elizabeth T. Clement
> Brian K. Zahra
> David F. Viviano
> Richard H. Bernstein
> Megan K. Cavanagh
> Kyra H. Bolden